**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

| | |
|---|---|
| **STEVE BELCHER** | **CIVIL ACTION NO. 07-1755** |
| **VS.** | **JUDGE DOHERTY** |
| **ALLSTATE INDEMNITY CO.** | **MAGISTRATE JUDGE METHVIN** |

*MEMORANDUM RULING ON JOINT MOTION TO WITHDRAW*
*NOTICE OF REMOVAL AND TO REMAND*
Rec. Doc. 9

Before the court is the Joint Motion to Withdraw Notice of Removal and to Remand to the 14th Judicial District Court for Calcasieu Parish, filed on February 6, 2008. In support of the motion, the parties submitted a "Binding Stipulation" signed by plaintiff's counsel, which states that plaintiff does not seek damages in excess of $75,000, nor will he accept a judgment in an amount exceeding that amount.[1]

On January 11, 2008, the undersigned issued a Jurisdictional Amount Review stating:

> Defendant insured plaintiff's home and contents located at 1648 Hodges Street, Lake Charles, Calcasieu Parish, Louisiana. Plaintiff alleges that this property was damaged as a result of Hurricane Rita. Defendant states in its Notice of Removal that plaintiff's policy contains the following coverages: structure - $246,034; appurtenant buildings - $24,603; contents - $172,223 ; additional living expenses - 12 months; mold - $10,000. Plaintiff attaches bills and/or estimates for repairs to his home totaling $93,028.82. To date, defendant has paid a total of $30,910.14. The net difference between the two is $62,118.68.
>
> In addition to contractual benefits, plaintiff alleges violations of La. R.S. 22:658 and/or La. R.S. 22:1220 under which he seeks penalties and attorneys fees.
>
> Considering the foregoing, the undersigned concludes that the jurisdictional amount has been established in this case.[2]

---

[1] Exhibit A to Rec. Doc. 9.

[2] Rec. Doc. 8.

2

The pending motion effectively requests that the undersigned reconsider the Jurisdictional Amount Review in light of the binding stipulation.

The jurisdictional amount must be assessed at the time of removal.  Gebbia v. Walmart Stores, Inc., 233 F.2d 880, 883 (5th Cir. 2000).  Therefore, the stipulation will be considered only insofar as it sheds light upon the amount in controversy at the time of removal.  Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1336 (5th Cir. 1995).  The removal statutes should be strictly construed in favor of remand.  Manguno v. Prudential Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002).

In the instant case, in accordance with Louisiana law, plaintiff did not allege a specific amount of money damages although he attached estimates of repairs to his property.  Plaintiff has now stipulated that the amount in controversy does not meet the jurisdictional threshold.  The jurisdictional review was conducted in the absence of briefs by the parties; thus, plaintiff did not have a prior opportunity to address defendant's arguments as to jurisdictional amount.

Considering the foregoing, and that the joint motion establishes that the amount in controversy did not exceed $75,000 at the time of removal, remand is appropriate.

Signed at Lafayette, Louisiana, on February 13, 2008.

.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)